UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMEFED VILLAGE III MASTER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OTAY LANDFILL, INC., et al.,<br><br>Defendants. | Case No.: 20-cv-00784-H-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO EXTEND SCHEDULING ORDER DEADLINES; AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 44; 52]** |

Before the Court is a Joint Motion to Extend Scheduling Order Deadlines, wherein the parties request to extend all remaining dates and deadlines in the Scheduling Order by approximately three months. (ECF No. 52.) After consulting with counsel of record during a telephonic Status Conference on August 4, 2021 (ECF No. 50), and for the reasons set forth in the parties' joint motion, the Court finds that good cause exists to extend the Scheduling Order as requested by the parties. Accordingly, the parties' joint motion (ECF No. 52) is hereby **GRANTED**, and the operative Scheduling Order (ECF No. 44) is amended as follows:

///

1. All parties must complete all fact discovery by **January 28, 2022**. "Complete" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated sufficiently in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.

Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V.

2. The parties must designate their respective experts in writing by **December 3, 2021**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **January 3, 2022**. Written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

3. By **December 3, 2021**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make

these disclosures will not be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial, absent substantial justification.  Additionally, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).

4. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **January 3, 2022**.

5. All parties must complete all expert discovery by **January 28, 2022**.  The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with the above paragraphs or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **February 14, 2022**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed by the Court.

8. A Mandatory Settlement Conference will be conducted on **March 4, 2022**, at **9:00 AM** in Judge Burkhardt's chambers, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101.

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered

settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

9. No later than **21 days before the MSC**, the parties shall exchange formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules. No later than **14 days before the MSC**, the parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

10. No later than **February 22, 2022**, the parties shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov. The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

11. Counsel must file their memoranda of contentions of fact and law and take any other action required by Civil Local Rule 16.1(f)(2) by **April 11, 2022**.

12. Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **April 11, 2022**. Failure to comply with these disclosure requirements may result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

13. Counsel must meet and take the action required by Civil Local Rule 16.1(f)(4) by **April 18, 2022**. At this meeting, counsel must discuss and attempt to enter into

---

during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

stipulations and agreements simplifying the triable issues.  Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c).  Counsel must note any objections they have to any other parties' pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel must cooperate in the preparation of the proposed pretrial conference order.

14. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **April 25, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order.  Both parties must promptly attempt to resolve their differences, if any, concerning the order.

15. The proposed final pretrial conference order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures must be prepared, served, and lodged with the assigned district judge by **May 2, 2022** in the form prescribed in and in compliance with Civil Local Rule 16.1(f)(6).

16. The Final Pretrial Conference is scheduled on the calendar of the Honorable Marilyn L. Huff for **May 9, 2022**, at **10:30 AM**.

17. The parties must comply with case management orders set by the Court.

18. The Court will not modify the dates and times set forth in this Order except for good cause shown.

19. Pursuant to Civil Local Rule 7.1(h), briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge.  Reply memorandum must not exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

///

///

20. Plaintiff's counsel must serve a copy of this Order on all parties that later enter this case.

**IT IS SO ORDERED.**

Dated: August 13, 2021

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge