UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMEFED VILLAGE III MASTER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OTAY LANDFILL, INC., et al.,<br><br>Defendants. | Case No.: 20-cv-00784-L-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO EXTEND SCHEDULING ORDER DEADLINES; AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 53; 68]** |

Before the Court is a Joint Motion to Extend Scheduling Order Deadlines, wherein the parties request to extend all remaining dates and deadlines in the Scheduling Order. (ECF No. 68.)  After consulting with counsel of record during a telephonic Status Conference on February 1, 2022, and for the reasons set forth in the joint motion, the Court finds that good cause exists for some of the parties' requests.  Accordingly, the parties' joint motion (ECF No. 68) is **GRANTED IN PART**, and the operative Scheduling Order (ECF No. 53) is amended as follows:

1. The parties shall complete the previously noticed depositions of Gary McCue (as an individual, as a 30(b)(6) designee for Homefed, and as Homefed's affirmative and rebuttal expert), Daniel Johnson (OLI's expert), Mark Cejas (Homefed's expert), TRC's 30(b)(6) designee, Sin Senh (LKQ's expert), and Gregory Douglas (LKQ's expert) by **April 4, 2022**.

2. All other pretrial motions must be filed by **May 5, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed by the Court.

3. The Mandatory Settlement Conference ("MSC") currently scheduled for February 23, 2022, is hereby **RESET** to **May 4, 2022**, at **9:00 AM** in Judge Burkhardt's chambers, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101. Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. In the case of an entity, an authorized representative of the entity who is not retained outside counsel must be present and must have discretionary authority to commit

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

No later than **21 days before the MSC**, the parties shall exchange formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules. No later than **14 days before the MSC**, the parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

4. No later than **April 27, 2022**, the parties shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov. The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

5. The parties must comply with case management orders set by the Court.

6. The Court will not modify the dates and times set forth in this Order except for good cause shown.

7. Pursuant to Civil Local Rule 7.1(h), briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. Reply memorandum must not exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

8. The remainder of the parties' Joint Motion to Extend Scheduling Order Deadlines (ECF No. 68) is **DENIED WITHOUT PREJUDICE**. The parties are directed to leave a joint voicemail with Judge Burkhardt's Chambers, no later than 48 hours after receiving a ruling from District Judge M. James Lorenz on Defendant LKQ's Motion for Leave to File Amended Answer to Assert Crossclaims, informing the Court on whether they plan to refile their joint motion to extend scheduling order deadlines.

///

9. Plaintiff's counsel must serve a copy of this Order on all parties that later enter this case.

Dated: February 4, 2022

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge