UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HOMEFED VILLAGE III MASTER, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OTAY LANDFILL, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-0784-AGS-JLB<br><br>**ORDER TO SHOW CAUSE AND TO VACATE ALL PENDING DATES** |
|---|---|

　　　The Court is gravely concerned that plaintiff or its counsel may have attempted to create false or misleading evidence in this case. Until the Court resolves whether anyone engaged in such deceptive practices—and whether sanctions are required—any trial will have to wait.

　　　Plaintiff's dubious evidence arose during summary-judgment proceedings. One of the defense's arguments for summary judgment was that plaintiff Homefed Village III Master, LLC, "has not been damaged at all," because "*other* third-party 'HomeFed' entities—not Plaintiff—exclusively paid for the . . . costs that serve as Plaintiff's 'damages' for trespass and nuisance." (ECF 124-1, at 30.) What's more, at deposition, plaintiff's corporate designee denied any "intercompany agreements" that would allow plaintiff to recover damages for costs that these other businesses suffered. (ECF 124-3, at 296–97.) As the evidence stood, plaintiff's nuisance and trespass claims were on shaky ground.

　　　But then plaintiff unveiled new, previously undisclosed evidence, which seemingly refuted its corporate designee's damaging testimony. In its opposition papers, plaintiff Homefed represented that each of the relevant "wholly owned subsidiaries has provided an assignment of rights to the named plaintiff, HomeFed, to allow HomeFed to pursue recovery of those costs, as damages." (ECF 126-1, at 34.) And it backed up this claim with three "Assignment of Rights" forms. (*See* ECF 126-7, at 7–9.) According to these documents, they were each "executed and delivered" in 2017. (*Id*.) And they were each

1

signed by Erin Ruhe in her capacity as "Vice President," who attested that she "caused this instrument to be executed *as of the date written above*." (*Id.* (emphasis added).)

Yet it seems these papers were not executed in 2017 nor signed by Ruhe during her time as Vice President. In fact, as plaintiff's counsel apparently later conceded in an email to the defense, the alleged "Assignment of Rights" forms "were not previously disclosed because these documents *did not exist*" earlier in the litigation. (ECF 128-3, at 190 (emphasis added).) In that same email, plaintiff's counsel explained that this evidence was merely meant to "memorialize intercompany transfers" that "predated the filing of the lawsuit and were not previously reduced to writing." (*Id.*) Counsel also cited to California Civil Code § 1052, which allows certain transfers to "be made without writing."

These "Assignment of Rights" documents raise several disturbing questions. If these forms were meant to merely "memorialize" 2017 oral agreements, why do they each say that Ruhe "caused *this instrument* to be executed as of" 2017? (ECF 126-7, at 7–9 (emphasis added).) And why did Ruhe repeatedly list her 2017 title of "Vice President," which she apparently no longer held when she signed these papers in 2022? (*See* ECF 126-7, at 1 ("I am Chief Operating Officer for HomeFed, LLC . . . . I was Vice President [of HomeFed's predecessor before the 2019 merger].").) Alternatively, if these written assignments were executed in 2017—as they say—why did the corporate designee deny their existence? And if they were in fact executed in 2017, why did plaintiff's counsel not correct the designee's testimony at the deposition or immediately afterwards?

Before any trial may proceed, the Court must determine whether this evidence was fabricated. Thus, the final pretrial conference and trial are vacated. Plaintiff and its counsel are ordered to show cause why they should not be sanctioned for (1) falsifying evidence or (2) failing to promptly correct the corporate designee's testimony. *See* Fed. R. Civ. P. 11(c)(3); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (finding Rule 11 sanctions are "appropriate" "for falsifying" evidence); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (noting the court's inherent power to impose sanctions when "a party has engaged deliberately in deceptive

practices that undermine the integrity of judicial proceedings"). By May 10, 2024, plaintiff's counsel must file a written response to this order. On May 17, 2024, at 2:00 p.m., plaintiff and plaintiff's counsel must appear in person before the Court for a show-cause hearing. Because the Court may wish to reset the trial date, defense counsel must also attend the May 17 hearing, but may do so either in person or by videoconference.

Dated:  May 3, 2024

_____
Hon. Andrew G. Schopler
United States District Judge