|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| HOMEFED VILLAGE III MASTER, LLC,<br><br>                           Plaintiff,<br><br>v.<br><br>OTAY LANDFILL, INC., et al.,<br><br>                          Defendants. | Case No.: 20-cv-0784-AGS-JLB<br><br>**ORDER DENYING SUMMARY-JUDGMENT MOTION (ECF 206) WITHOUT PREJUDICE AND SETTING HEARING** |

      In its summary-judgment motion, the defense challenges plaintiff's standing to bring this case as well as the sufficiency of the claims. Because "standing is an aspect of subject matter jurisdiction," when plaintiffs lack standing, this Court "is powerless to reach the merits under Article III of the Constitution." *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106 n.4 (9th Cir. 2006). "[I]f subject-matter jurisdiction turns on contested facts, the trial [court] may be authorized to review the evidence and resolve the dispute on [its] own." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When these facts go to "an essential element of a claim for relief," however, "the jury is the proper trier of contested facts" for claims tried to a jury. *Id*.

      Before proceeding, this Court must assure itself of jurisdiction. But the parties' briefing omits critical factual and legal considerations necessary to that determination. And the answers may also bear upon this Court's damages analysis at summary judgment. So, the Court orders the parties to answer these questions:

**Question 1**: For each claim in which plaintiff's property ownership is an essential element, should the Court treat property ownership as purely a merits issue (and not an issue of standing)? *See, e.g.*, *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 736 (7th Cir. 2020) ("[W]hen the existence of a protected property interest is an element of the claim, deciding whether the interest exists virtually always goes to the merits rather than standing.").

1

*Question 2*: For each claim in which plaintiff's property ownership is *not* an essential element, must the Court resolve the property-ownership dispute to assure itself of plaintiff's standing (and the Court's subject-matter jurisdiction)? *See, e.g.*, *Domain Protection, LLC v. Sea Wasp, LLC*, 23 F.4th 529, 536 (5th Cir. 2022) ("[A] dispute about ownership of an asset . . . does not deprive a federal court of jurisdiction.").

*Question 3*: If ownership may be dispositive in the standing analysis, can plaintiff establish standing for any plots it did *not* own through some other means, including assignment or subrogation?

*Question 4*: Please provide all record evidence of plaintiff's ownership (or lack thereof) for the various plots at issue.

*Question 5*: Are all the requirements of Article III standing met here?

*Question 6*: For trial purposes, does remedial work paid for by other parties—including plaintiff's parent company or related entities—reduce or eliminate plaintiff's damages against defendant?

Defendant's summary-judgment motion is **DENIED** without prejudice. By April 21, 2025, the parties must file their supplemental briefs, answering the above questions. If the defense wishes to renew its summary-judgment motion, it must file for summary judgment by that date as well and consolidate its motion with its answers to the above questions. By May 5, 2025, plaintiff must respond to any renewed summary-judgment motion. By May 12, 2025, defendant must file any reply. On Thursday, June 5, 2025, at 9:30 a.m., the Court will hold a hearing on all dispositive issues. If the Court intends to take evidence at that hearing, the parties will be notified.

Dated: March 23, 2025

_____
Hon. Andrew G. Schopler
United States District Judge